# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **LEAH GRISHKEVICH,** | ) | **CASE NO. 1:16CV3025** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **ST. JUDE MEDICAL SALES CO., INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #7) of Defendant, St. Jude Medical S.C., Inc., misidentified in the Complaint as St. Jude Medical Sales Company, Inc. ("St. Jude"), for Judgment on the Pleadings. For the following reasons, the Motion is denied.

## I. FACTUAL BACKGROUND

Plaintiff Leah Grishkevich, a fifty-two year old female, was employed by St. Jude from April 2010 until January 29, 2016 as a Territory Manager III selling medical devices to health care providers. On January 29, 2016, Plaintiff was informed that she was being terminated because she had not made her "combined quota" in 2015. Plaintiff allegedly was replaced with a significantly younger (35 years), less experienced, less qualified male Territory Manager III named Paul Bockmore. Bockmore allegedly assumed Plaintiff's responsibilities in addition to keeping his own territory. Plaintiff alleges that Bockmore failed to meet his "combined quota" in 2015 by a larger margin than Plaintiff; yet, he was not terminated. Plaintiff alleges that she was qualified for her position; that she and Bockmore

were similarly situated and that St. Jude's actions were motivated by Plaintiff's age and gender.

In its Motion, St. Jude argues that Plaintiff's Complaint is minimalistic and conclusory and fails to show a plausible entitlement to relief.

## II. LAW AND ANALYSIS

**Motion for Judgment on the Pleadings**

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). In this jurisdiction, "[t]he standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . . We 'construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief.'" *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 389 (6th Cir.2007) (citations omitted). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

St. Jude contends that Plaintiff's Complaint fails to set forth sufficient factual allegations to entitle her to relief under Title VII and the Age Discrimination in Employment Act ("ADEA"). St. Jude points out that Plaintiff's termination occurred after she was placed on a performance improvement plan and after failing to meet her sales goals in 2010, 2011, 2012, 2013 and 2014 as well as 2015. (Answer, ECF DKT #4 at ¶¶ 8, 11). St. Jude further

asserts that Bockmore failed to meet his 2015 sales goals because of the "loss of a major customer for reasons outside of his control." (*Id*. at ¶ 12). St. Jude also contends that Plaintiff was not "replaced" within the meaning of federal anti-discrimination statutes.

Applying the appropriate Fed.R.Civ.P. 12(c) standard, and construing the Complaint in a light most favorable to Plaintiff, the Court finds that Plaintiff's Complaint sets forth a claim for relief that is plausible on its face. The circumstances leading up to Plaintiff's termination, the facts surrounding the failure of the comparator to meet his sales goals and whether or not Plaintiff was "replaced" as alleged, all constitute material disputed factual issues. St. Jude, therefore, is not entitled to judgment as a matter of law.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #7) of Defendant, St. Jude Medical S.C., Inc. ("St. Jude"), for Judgment on the Pleadings is denied.

**IT IS SO ORDERED.**

                                                  **s/ Christopher A. Boyko**
                                                  **CHRISTOPHER A. BOYKO**
                                                  **United States District Judge**

**Dated: May 1, 2017**